**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jair Gongora and Linda Gongora, | No. CV-11-1993-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Compass Bank et al., | |
| Defendants. | |

Pending before the Court are Defendant BAC Home Loans Servicing LP's[1] Motion to Dismiss in which Defendant Compass Bank joins (Doc. 12) and Defendant Compass Bank's Motion to Dismiss Party (Doc. 20). For the reasons discussed below, the first motion to dismiss is granted and the second is dismissed as moot.

## BACKGROUND

On January 26, 2009, Plaintiff Jair Gongora obtained a loan of $415,000 from Compass Bank. (Doc. 1, Ex. 1).[2] On the Deed of Trust, the "Borrower" is listed as "Jair

---

[1] The motion is filed by Bank of America, N.A., as successor by merger to BAC Home Loans Servicing LP, Federal National Mortgage Association, and ReconTrust Company, N.A.

[2] The Court takes notice of the Note and Deed of Trust because they have been "properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

| 1 | Gongora, as his sole and separate property." (Doc. 1, Ex. 2). The loan was secured by an interest in Mr. Gongora's house at 793 E. Maria Lane, Tempe, Arizona ("the property"). (*Id.*). At the closing, Mr. Gongora was provided with one copy of a Truth In Lending Disclosure Statement ("Disclosure Statement") and two copies of a Notice of Right to Cancel ("Notice"). (Doc. 1 at 5). Mr. Gongora had obtained the property in 1997, when he was married to Noeline Martini Gongora, and had quit claimed it to himself in 2003 when he was single.[3] (Doc. 12, Ex. C). On February 6, 2009, after taking out the loan, Mr. Gongora again quit claimed the house, this time to himself and Linda Gongora as husband and wife. (*Id.*). On August 26, 2011, Plaintiffs sent notices to Defendants that they intended to rescind the loan. (Doc. 1 at 7). Defendants did not respond to the rescission notices. Mr. and Mrs. Gongora now seek to rescind the loan and seek damages under the Truth in Lending Act ("TILA").

**DISCUSSION**

**1.     Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550

---

[3] The Court takes notice of the deeds documenting the transfers of title, submitted by Defendants, because they are "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501 U.S. 104 (1991).

U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**2. Discussion**

The Truth in Lending Act (TILA) provides borrowers with the opportunity to rescind their loans within three days; if borrowers are not provided with proper notice of their rescission rights, they may rescind the loan within three years. 15 U.S.C. § 1635(f). The only person who has a right to rescind, however, is the "obligor," and it is therefore to the obligor that notice of the right to rescind must be provided. 15 U.S.C. § 1635(a). Here, Mr. Gongora obtained the loan in his own name, and secured it with a house that he held "as his sole and separate property." (Doc. 1, Ex. 2). Plaintiffs argue that because they were married when Mr. Gongora obtained the loan, Mrs. Gongora held an interest in the property and became an obligor, thereby requiring Defendants to provide her with her own Disclosure Statement and Notice. They argue that because Defendants did not provide Mrs. Gongora with her own TILA documentation, TILA's three-year deadline, rather than its three-day window, is operative, and their attempt to rescind was timely. (Doc. 1 at 6).

Although Arizona is a community property state, "[a] spouse's real and personal property that is owned by that spouse before marriage . . . is the separate property of that spouse." Ariz. Rev. Stat. ("A.R.S.") § 25-213(a) (2007). Mr. Gongora purchased the property with his previous spouse and quit claimed it to himself as a single man before he was married to Mrs. Gongora. (Doc. 12, Ex. C). Mrs. Gongora did not sign the note for the loan and is not

listed on the Deed of Trust. Before Mr. Gongora quit claimed the property to the community interest, she had no ownership interest in the property, and was not an "obligor" under TILA. Failing to provide her with her own Disclosure Statement and Notice therefore did not toll the three-day statute of limitations for rescission.

Plaintiffs argue convincingly that the house is Mrs. Gongora's principal residence; this fact alone does not, however, provide her with an ownership interest in the property. The regulations define a "consumer" entitled to rescission as "a natural person in whose principal dwelling a security interest is or will be retained or acquired, *if that person's ownership interest in the dwelling is or will be subject to the security interest*." 12 C.F.R. § 226.2(a)(11) (emphasis added). When Mr. Gongora obtained the loan, Mrs. Gongora had no ownership interest in the house. The fact that she later acquired an ownership interest did not retroactively invalidate Defendants' proper TILA disclosures. The TILA regulations further provide that "[i]f there is more than one consumer, the disclosures may be made to any consumer who is primarily liable on the account." 12 C.F.R. 226.5(d). This regulation demonstrates that even if Mrs. Gongora had some ownership interest, making disclosures to Mr. Gongora, who was the only person listed on the account, satisfied Defendants' obligation.

Plaintiffs have cited a number of cases which have held that a spouse with an ownership interest is allowed to rescind, or that spouses who take out a mortgage together are both entitled to TILA disclosures. None of these cases suggest that a lender must provide rescission disclosures to spouse without an ownership interest simply because the house is a principal residence. When a husband induces his wife to sign mortgage paperwork but the wife "contends that she did not know what the documents were and that her husband had only told her that her signature was necessary as a formality," she retains a rescission interest. *Eveland v. Star Bank, NA*, 976 F. Supp. 721, 722 (S. D. Ohio, 1997). The bankruptcy courts have found that when a couple mortgages a home together, both spouses are entitled to TILA disclosure forms. *See In re Jones*, 298 B.R. 451, 455 (Bankr. Kan. 2003); *In re Apgar*, 291 B.R. 665, 670 (Bankr. E.D. Pa. 2003) ("Since Mrs. Apgar granted Homeside a mortgage on

her home, she is a consumer having the right to rescind."). No case cited by Plaintiffs, however, holds that a spouse with no ownership interest in a property must be provided with disclosure forms, or retains a rescission right, based solely on the fact that the property is a principal dwelling.

Since Defendants properly provided TILA disclosures to Mr. Gongora, he had only three days in which to rescind the loan. 15 U.S.C. § 1635(f). Plaintiffs' rescission notice was therefore untimely, and their TILA claim fails as a matter of law.

Additionally, Plaintiffs allege that Defendants violated Arizona's consumer fraud statutes. A.R.S. §§ 44-1521–1534 (2011). They make no new factual allegations, but instead argue that Defendants' failure to provide Mrs. Gongora TILA rescission disclosure and failure to respond to Plaintiffs' rescission notice triggered Arizona's consumer protection laws. (Doc. 1 at 13). Plaintiffs underlying substantive claims fail as a matter of law, and therefore cannot support a fraud claim under Arizona law.

Finally, Plaintiffs seek declaratory relief that the security interest is void. (Doc. 1 at 15–16). When all other claims are dismissed, declaratory or injunctive relief that is "premised upon those counts must likewise fail." *In re MERS Litigation*, 744 F. Supp. 2d 1018, 1032 (D. Ariz. 2010). Plaintiffs are not entitled to declaratory or injunctive relief.

## CONCLUSION

Plaintiffs argue that Defendants were obligated to provide both Mr. and Mrs. Gongora with TILA rescission notices when Mr. Gongora took out a loan in his own name secured by property that belonged solely to him under Arizona law. Defendants were under no such obligation, and properly provided Mr. Gongora with rescission notice. Mr. Gongora therefore had three days, not three years, to rescind his loan, and Plaintiffs' claim is untimely. The fraud claim under Arizona law is totally dependant on the TILA claim, and therefore fails. The claim for declaratory relief is therefore dependent on the other claims and fails.

**IT IS THEREFORE ORDERED:**

1. Defendant BAC Home Loans Servicing's Motion to Dismiss (Doc. 12) is **granted.**

2. Defendant Compass Bank's Motion to Dismiss Party (Doc. 20) is **dismissed as moot**.

3. The Clerk of Court is instructed to **terminate this lawsuit**.

DATED this 9th day of January, 2012.

*G. Murray Snow*
United States District Judge